CLARK *versus* JOSEPH VILES AND ISAIAH JENKINS AND
RUFUS VILES, *trustees.*

In relation to a note, given since the statute of 1844, and made payable to
a married woman, the party, who would establish title in her, takes the
onus of proving that it did not, in any way, come from the husband.

In a trustee suit, the holding of a chose in action, belonging to the defend-
ant, will not charge the holder as trustee.   A note, belonging to a husband,
though made payable to his wife, is a chose in action.

THE District Court, RICE, J. presiding, had charged Jen-
kins, as trustee, and discharged Viles, upon their disclosures.
The case came up on exceptions to those adjudications.

*Webster,* for plaintiff.

*Getchell,* for trustees.

SHEPLEY, C. J., orally. — Jenkins discloses that he had collected money, upon a note, which one Bunker had given to the defendant's wife ; and that, since service of the trustee process, he had given a check for the money, payable for her use.

This payment, by means of the check, being subsequent to the service, can give him no protection. If the money belonged to Joseph Viles, the trustee is liable. Prior to the statute of 1844, for " securing to married women their rights in property," such a note would clearly belong to the husband. Upon the disclosure in this case, that statute has not affected or changed the ownership of this note, for the evidence does not show that the property in it came to the wife by any legacy, or in any other way, than by or through her husband. The decision of the District Judge was correct.

*The exceptions filed by Jenkins are overruled,*
*and he is adjudged trustee.*

Rufus Viles discloses, that the defendant and his widowed daughter left this part of the country in 1846 ; that, among the papers which they had left with the trustee, there was found a note of $300 payable by Bunker to the defendant's wife ; that he, the trustee, wrote to her, and received a reply that Bunker had paid about $150, and that she wished him to get payment of the residue, and transmit to her a draft for it, drawn by T. W. Smith upon the Suffolk Bank ; that he sent the note to Bunker by Jenkins to be collected, and the avails transmitted as she had desired ; and that, in a few days afterwards, the trustee process was served upon him.

Upon this disclosure it does not appear that the trustee had any goods, effects, or credits of the defendant. The note was but a chose in action. It might never be collected.

The ruling of the District Court was correct.

*The exceptions filed by the plaintiff are overruled,*
*and the trustee is discharged.*